IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-670-FL

| | | |
|---|---|---|
| SHAQUAN LAVENA LESANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JONATHAN BREEDEN, SAM HAMADANI, JEFFREY EDWARDS, JR., and GERALD BAKER, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on pro se plaintiff's motion for default judgment (DE 17), as well as motions to dismiss filed by defendant Sam Hamadani ("Hamadani") (DE 18), defendant Gerald Baker ("Baker") (DE 23), and defendant Jonathan Breeden ("Breeden") (DE 32). The issues raised have been briefed fully, and in this posture, are ripe for ruling. For the following reasons, plaintiff's motion is denied, and defendants' motions are granted.

## STATEMENT OF THE CASE

Plaintiff commenced this action on December 14, 2020, asserting claims against defendants arising out of a state court custody proceeding in Wake County, North Carolina. Plaintiff brings claims under the Fair Debt Collections Act, the False Claims Act, the Treaty of Peace and Friendship, as well as claims for invasion of privacy, kidnapping, embezzlement, bankruptcy, bank fraud, mail fraud, perjury, conspiracy, enticement into slavery, and involuntary solitude, among others. Plaintiff seeks $90,000.00 in damages and attorneys' fees and return of her "offspring to [her] custody immediately." (Compl. at 9-10).

On January 20, 2021, the court granted defendant Hamadani's motion for extension of time, allowing defendant Hamadani until February 24, 2021, to answer or otherwise respond to complaint. Two days later, plaintiff filed the instant motion for default judgment against all defendants, attaching proposed show cause orders and a state court filing.

On February 17, 2021, defendant Hamadani filed the instant motion to dismiss, seeking dismissal of plaintiff's complaint on the basis of sovereign immunity, the Rooker-Feldman doctrine, and for failure to state a claim. Shortly thereafter, defendant Baker also moved to dismiss plaintiff's complaint under the Rooker-Feldman doctrine and for failure to state a claim. Plaintiff responded in opposition to both motions to dismiss on March 15, 2021.

On March 23, 2021, defendant Breeden filed the instant motion to dismiss, seeking to dismiss plaintiff's claims on the basis of insufficient process, the Rooker-Feldman doctrine, and for failure to state a claim. Plaintiff responded in opposition on April 13, 2021. Thereafter, plaintiff filed document purporting to appoint the undersigned as plaintiff's trustee, as well as Internal Revenue Service Form 56, wherein the undersigned is listed as plaintiff's fiduciary.[1]

## STATEMENT OF FACTS

The facts alleged in plaintiff's complaint may be summarized as follows. Plaintiff alleges that defendant Hamadani entered "unconstitutional judgments" in "Wake County Family court", ordering the Wake County Sheriff's Department to remove plaintiff's son from her home. (Compl. at 6-7). In addition, defendant Hamadani allegedly barred plaintiff from having any contact with her son. (Id. at 7). As a result, plaintiff has not seen her son in over a year and lacks knowledge as to his location. (Id.).

## COURT'S DISCUSSION

A.   Motions to Dismiss

---

[1] Defendant Jeffery Edwards, Jr. has not appeared in this action.

1.  Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts " the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (quotations omitted).

2.  Analysis

Defendants Baker, Hamadani, and Breeden argue that the Rooker-Feldman doctrine bars plaintiff's claims. For judicial review of questions arising under federal law, "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." 28 U.S.C. § 1257(a). Construing its grant of appellate jurisdiction under § 1257, the United States Supreme Court has explained that district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial

3

proceedings even if those challenges allege that the state court's action was unconstitutional." Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 486 (1983); see Rooker v. Fid. Tr. Co., 263 U.S. 413, 415–16 (1923). In Feldman, the Court further explained that claims that were "inextricably intertwined" with a state court's decision were not subject to review in federal district court. 460 U.S. at 482 n. 16.

Construing Feldman's language, the United States Court of Appeals for the Fourth Circuit previously held that a claim is "inextricably intertwined" with a state court decision if "'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'" Shooting Point, LLC v. Cumming, 368 F.3d 379, 383 (4th Cir. 2004) (quoting Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)). However, the Supreme Court has since clarified that the Rooker-Feldman doctrine applies in the narrow set of cases where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Exxon Mobil Corp., 544 U.S. at 291. "In other words, the doctrine simply precludes federal district courts from exercising what would be, in substance, appellate jurisdiction over final state-court judgments." Hulsey v. Cisa, 947 F.3d 246, 250 (4th Cir. 2020) (citing Thana v. Bd. of License Comm'rs for Charles Cty., Maryland, 827 F.3d 314, 320 (4th Cir. 2016)).

Here, plaintiff complains of "unconstitutional judgments" entered in "Wake County Family court", which removed her son from her home, and she seeks return of her "offspring to [her] custody immediately." (Compl. at 6-10). Under the Rooker-Feldman doctrine, this court lacks jurisdiction to review or reject those state court judgments. See Exxon, 544 U.S. at 284 (explaining that the Rooker-Feldman doctrine applies to "cases state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court

4

review and rejection of those judgments."). Therefore, motions to dismiss filed by defendants Baker, Breeden, and Hamadani are granted, and plaintiff's complaint is dismissed without prejudice.[2]

B.    Motion for Default Judgment

Where the court lacks subject matter jurisdiction over plaintiff's claims, plaintiff's motion for default judgment is denied. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause." (citations omitted)); cf. Koehler v. Dodwell, 152 F.3d 304, 308 (4th Cir. 1998) ("A judgment entered by a court that lacks subject-matter jurisdiction is void."); see also Wright & Miller, Fed. Prac. & Proc. § 2682 (3d ed.) ("Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought.").

C.    Fiduciary Relationship

Plaintiff's filings, purporting to create a fiduciary relationship between herself and undersigned, rely upon the Powers of Appointment Act of 1951 ("the Act"). The Act, which pertains to estate taxes, does not confer any fiduciary status upon the undersigned.

**CONCLUSION**

Based on the foregoing, plaintiff's motion for default judgment (DE 17) is DENIED. Motions to dismiss, filed by defendants Hamadani, Baker, and Breeden, are GRANTED. (DE 18, 23, 32). Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. The clerk is DIRECTED to close this case.

SO ORDERED, this the 3rd day of June, 2021.



LOUISE W. FLANAGAN
United States District Judge

---

[2] Where the court lacks jurisdiction over plaintiff's claims, such claims are also dismissed against non-moving defendant Jeffery Edwards, Jr.